Filed 8/27/25  P. v. Shorter CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. AARON DAJON SHORTER, Defendant and Appellant. | B328280 (Los Angeles County Super. Ct. No. BA463979) |

APPEAL from a judgment of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General of California, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee,

Deputy Attorney General, Scott A. Taryle, Supervising Deputy
Attorney General, for Plaintiff and Respondent.

* * * * * *

Defendant and appellant Aaron Shorter (appellant) pleaded
no contest to murder and admitted a firearm enhancement.  The
trial court denied his petition for resentencing under Penal Code
section 1172.6 (former § 1170.95)[1] without an evidentiary hearing
because "[appellant] was the actual shooter and perpetrator of
the crime" and thus ineligible for relief.  Now, appellant appeals
the trial court's decision.  We affirm.

## BACKGROUND

On January 13, 2020, appellant pleaded no contest to
second degree murder (§ 187, subd. (a)) pursuant to a negotiated
agreement.  Appellant also admitted that "[he] used the firearm
that caused the death of another human being with the use of
that firearm," which was the basis of a firearm enhancement
under section 12022.53, subdivision (d).  Appellant was sentenced
to a total indeterminate term of 40 years to life imprisonment.

On May 29, 2022, appellant signed and mailed a petition
for a writ of habeas corpus to the Los Angeles County Superior
Court.  Appellant sought "all relief for such excessive imposed

---

[1]     All further statutory references are to the Penal Code
unless otherwise indicated.

Effective June 30, 2022, former section 1170.95 was
renumbered section 1172.6, with no substantive change.  (Stats.
2022, ch. 58, § 10.)  For simplicity, we refer to the section by its
new numbering.

2

and illegal stacked enhancements." Appellant also argued that his sentence constituted cruel and unusual punishment and sought to vacate the "unreasonable enhancements." Appellant admitted that he and his co-defendants planned to rob the victim, a clothing store owner who they believed was selling drugs. Appellant further admitted that he was holding a gun during the robbery; the victim fought with appellant; appellant's gun fired during the struggle; and the victim was killed.

The trial court elected to treat the petition as one for resentencing under section 1172.6. The court ordered the case calendared for a hearing to address the petition. The People filed a reply brief arguing that appellant is not entitled to relief because he was the actual killer. Appellant's appointed counsel did not file a reply brief and submitted on the issue. The trial court found that appellant was not eligible for relief under section 1172.6 because "[he] was the actual shooter and perpetrator of the crime." Therefore, the trial court denied the petition and ordered appellant's sentence of January 13, 2020, to stand. Appellant's timely appeal ensued.

## DISCUSSION

I. *Background Legal Principles*

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) substantively amended sections 188 and 189 to "eliminate[] natural and probable consequences liability for murder as it applies to aiding and abetting[] and limit[] the scope of the felony-murder rule. [Citations.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) "Now, a conviction for . . . [murder] requires proof that the defendant (1) was the actual killer (who acted with the requisite express or implied malice), (2) directly

3

aided and abetted the actual killer while acting with the intent to kill, or (3) was a major participant in a felony who acted with reckless indifference to the value of human life.  (§§ 188, 189.)" (*People v. Duran* (2022) 84 Cal.App.5th 920, 927.)

Senate Bill No. 1437 also added what is now section 1172.6, which provides a procedural mechanism for defendants who could not be convicted of murder under the amended laws to petition for retroactive relief.  (*Lewis*, *supra*, 11 Cal.5th at p. 959.)  Upon the filing of a properly pleaded petition for resentencing, the trial court must conduct a prima facie analysis to determine the defendant's eligibility for relief.  (§ 1172.6, subds. (b)(3) & (c); *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*); *Lewis*, *supra*, at pp. 957, 960.)  If the petition and record establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition without holding an evidentiary hearing.  (§ 1172.6, subd. (c); *Strong*, *supra*, 13 Cal.5th at p. 708.)

We review de novo the trial court's denial of a section 1172.6 petition at the prima facie stage.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

II.    *Appellant Is Ineligible for Relief*

The trial court correctly found that appellant was ineligible for relief.  As an initial matter, appellant pleaded no contest after Senate Bill No. 1437 took effect on January 1, 2019.  Therefore, when appellant pleaded, he was not under a "complaint, information, or indictment . . . that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ," as required by section 1172.6, subdivision (a)(1).  Similarly, because appellant entered

his plea after imputed malice theories of murder liability had been eliminated, he cannot show that he " 'could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019,' " as required by section 1172.6, subdivision (a)(3).  (*People v. Gallegos* (2024) 105 Cal.App.5th 434, 445.)

Finally, appellant is not eligible for relief because, as the trial court noted, "[he] was the actual shooter and perpetrator of the crime."  "As a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer.' " (*People v. Garcia* (2022) 82 Cal.App.5th 956, 973, citations omitted.)  Appellant argues that a finding of personal use of a firearm does not prove he was the actual killer, citing *People v. Jones* (2003) 30 Cal.4th 1084.  In that case, the jury merely found that defendant personally used a firearm within the meaning of Penal Code section 12022.5.  (*Id.* at p. 1097.)  The California Supreme Court recognized:  "The finding of personal use, however, would not in itself prove defendant was the actual killer.  If two robbers display guns to intimidate robbery victims and one shoots and kills a victim, both robbers could be found to have personally used a gun in the robbery and the felony murder, even though only one is the actual killer."  (*Id.* at 1120.)  Here, appellant admitted that he "used the firearm" in such a manner as to "cause[] the death of another human being with the use of that firearm."  This is sufficient to establish that he was the actual killer.  (See *People v. Garrison* (2021) 73 Cal.App.5th 735, 743.)

## DISPOSITION

The order denying defendant's section 1172.6 petition for resentencing is affirmed.

5

GOORVITCH, J.[*]

We concur:

LUI, P. J.

CHAVEZ, J.

---

[*]     Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.